UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM C. WEBSTER,

    Plaintiff,

  v.

THE UNITED STATES OF AMERICA,

    Defendant.

Case No.  C10–1678RSL

ORDER GRANTING
MOTION TO DISMISS

## I. INTRODUCTION

This matter comes before the Court on a motion to dismiss filed by the United States. Plaintiffs, who are proceeding *pro se*, contend that the government has taken their property without just compensation, violated the Administrative Procedure Act ("APA"), and committed various torts. For the reasons set forth below, the Court grants defendant's motion.

## II. DISCUSSION

Defendant has filed a 12(b)(6) motion for failure to state a claim upon which relief can be granted. The complaint should be liberally construed in favor of the plaintiff and its factual allegations taken as true. See, e.g., Oscar v. Univ. Students Co-Operative Ass'n, 965 F.2d 783, 785 (9th Cir. 1992). The Supreme Court has explained that "when allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be

ORDER GRANTING
MOTION TO DISMISS - 1

exposed at the point of minimum expenditure of time and money by the parties and the court." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 558 (2007) (internal citation and quotation omitted).

Plaintiffs, William C. Webster and John C. Webster, own approximately 126 acres of semi-forested mountainside located within the boundaries of North Cascade National Park in Washington state. Webster v. United States, 90 Fed. Cl. 107, 110 (Ct. Fed. Claims 2009). They have had an ongoing dispute with the National Park Service ("NPS"). Plaintiffs argue that the NPS is obligated to buy their land and that the agency's monetary offers have been inadequate. Plaintiffs filed suit on February 9, 2009 in the United States Court of Federal Claims. In November 2009, that court issued an order finding that plaintiffs' takings claim was time barred and transferring the remainder of the case to this Court. Id. at 121-22.

Although the government argues that plaintiffs' takings claim is barred by res judicata, it does not appear that the Court of Federal Claims issued a "final judgment on the merits." Int'l Union of Operating Eng'rs v. Karr, 994 F.2d 1426, 1429 (9th Cir. 1983) (setting forth elements of res judicata). In fact, in ruling on a motion for reconsideration, the court noted that it ordered transfer rather than entering judgment. Webster v. United States, 93 Fed. Cl. 676, 679 n.2 (Ct. Fed. Claims 2010). Nor was the proceeding before the Court of Federal Claims a separate suit. Rather, plaintiffs have filed a single lawsuit, which, following transfer, is now pending before this Court. Because there is no prior suit that ended with a final judgment on the merits, the Court declines to apply res judicata.[1] However, the Court of Federal Claims' ruling is the law of the case. Plaintiffs cannot relitigate the previously decided issue. Accordingly, plaintiffs' takings claim has been dismissed and the Court will not revisit the issue.

Although plaintiffs contend that their claims are not time barred because the

---

[1] See also Hoffman v. Blaski, 363 U.S. 335 (1960) (explaining that res judicata does not apply to pre-transfer orders that are interlocutory and issued by courts of co-ordinate jurisdiction).

ORDER GRANTING
MOTION TO DISMISS - 2

government's wrongful actions are ongoing, they have not provided any facts or dates to support that vague contention. Plaintiffs also imply that the government is somehow responsible for their failure to file a timely lawsuit. Even if plaintiffs' contentions were construed as assertions that equitable estoppel or equitable tolling applied, plaintiffs have not shown that either doctrine applies. Any equitable estoppel argument is doomed by plaintiffs' knowledge of the relevant facts, including that Congress created the Park in 1968. Watkins v. Unites States Army, 875 F.2d 699, 709 (9th Cir. 1989) (explaining that one of the elements of equitable estoppel is the party asserting it must be ignorant of the true facts); Webster, 90 Fed. Cl. at 112-13 (describing plaintiffs' takings allegations which include conduct spanning decades). In light of plaintiffs' knowledge of the relevant facts, there is no basis to apply equitable tolling based on any "excusable ignorance of the limitations period." Lehman v. United States, 154 F.3d 1010, 1016 (9th Cir. 1998).

Although plaintiffs allege that the government committed various torts, including negligence, trespass, and creating a nuisance, labeling the wrongs as "torts" does not alter the reality that the alleged wrongs are based on the alleged taking of their property. Plaintiffs cannot revive their takings claim by simply renaming it.

Plaintiffs assert claims for libel and slander, which are based on facts independent of the takings claim. However, those claims are untenable because the government has not waived its sovereign immunity for those claims. 28 U.S.C. § 2680(h) (Federal Tort Claims Act waives immunity for certain torts against the government but explicitly exempts claims for libel and slander).

Even if plaintiffs had asserted any tort claim for which the government has waived sovereign immunity, it would be barred. Plaintiffs filed an administrative claim on September 2, 2010. The two-year statute of limitations would bar any claim based on events that occurred prior to September 2, 2008. See, e.g., United States v. Kubrick, 444 U.S. 111, 117 (1979). Plaintiffs have not asserted any claims based on facts occurring after that date.

ORDER GRANTING
MOTION TO DISMISS - 3

Finally, although plaintiffs allege an APA claim, they have not identified any final agency action on which to base the claim. The APA authorizes review of "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Although they also imply that the government has failed to act as required, they have not identified any applicable statute or regulation that requires government action in these circumstances. Even if plaintiffs had identified a final agency action, any claim would likely be barred by the six-year statute of limitations. 28 U.S.C. § 2401(a). Plaintiffs have not described any actionable conduct that occurred within the limitations period. Simply describing the violations as "ongoing" without setting forth any actionable conduct during the limitations period does not save plaintiffs' claims.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS defendant's motion to dismiss (Dkt. #48). The Clerk of the Court is directed to enter judgment in favor of defendant and against plaintiffs.

DATED this 16th day of May, 2011.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING
MOTION TO DISMISS - 4